IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THOMAS K. TODD                                                              PLAINTIFF

vs.                               CIVIL NO. 05-1019

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                DEFENDANT

**MEMORANDUM OPINION**

Thomas Todd (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on June 22, 1998,[1] alleging an onset date of November 10, 1994, due to carpal tunnel syndrome, depression, and anxiety. (Tr. 21, 131-133, 284-286). Plaintiff's claims were denied initially, and on reconsideration, and an Administrative Law Judge ("ALJ"), issued an unfavorable decision on October 29, 1999. (Tr. 94-100). On August 30, 2000, the matter was remanded by the Appeals Council for further proceedings. (Tr. 124-126). A supplemental hearing was held on November 8, 2000, and the ALJ issued a second unfavorable decision on December 19, 2000. (Tr. 19-26). On April 18, 2001, this decision was

---

[1] Plaintiff had filed prior applications for DIB and SSI on February 3, 1997, alleging an onset date of November 10, 1994. (Tr. 83-86, 127-130). However, this claim was denied at the initial and reconsideration levels, and was not further pursued. (Tr. 83-86).

affirmed by the Appeals Council. (Tr. 7-8). However, on March 14, 2003, this court remanded the case for further proceedings. (Tr. 217-318). A third administrative hearing was then held on April 6, 2004. (Tr. 342-395). Plaintiff was present and represented by counsel.

At the time of the third administrative hearing on January 30, 2003, plaintiff was fifty-one years old and possessed a high school education. (Tr. 19, 303). The record reveals that he had past relevant work ("PRW"), as a fuel cell repair person/builder, construction forklift operator, and roofing plant worker. (Tr. 19, 303).

On May 28, 2004, the ALJ found that plaintiff had severe impairments, but that those impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 311). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity ("RFC"), to perform a wide range of light work, limited by his ability to only occasionally climb, balance, stoop, crouch, kneel, and crawl; work with moderate exposure to heights, moving machinery, humidity, temperature extremes, and vibrations; and, perform simple, unskilled or semi-skilled work, involving only superficial contact with supervisors, co-workers, and the public. The ALJ also found that plaintiff was unable to: perform constant, repetitive hand motions; perform strength movements such as unscrewing tops or assembly work; and, was unable to perform activities requiring him to twist and bend his hand. With the assistance of a vocational expert ("VE"), the ALJ then determined that plaintiff could not perform his PRW. (Tr. 312). However, VE testimony established that there was a significant number of jobs existing in the national economy that the claimant could perform. Such jobs were said to include

2

food preparation worker and laundry/dry cleaner. (Tr. 312).

On February 2, 2005, the Appeals Council declined to review this decision. (Tr. 295-297). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 4, 5).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year

3

and that prevent him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's determination that plaintiff retains the ability to perform work that exists in significant numbers in the national economy. When, as in this

case, the hypothetical question posed to the VE does not encompass all of a plaintiff's relevant impairments, the VE's testimony does not constitute substantial evidence to support the ALJ's decision. *Grissom v. Barnhart*, 416 F.3d 834, 837 (8th Cir. 2005).

In pertinent part, the hypothetical question posed to the VE, indicated that plaintiff could perform light work limited by his ability to occasionally grasp, manipulate, handle, push/pull, and operate controls with his hands. (Tr. 378). Based on these limitations, the VE testified that plaintiff could perform the positions of production inspector, sorter, sampler, and weigher; laundry and dry cleaning worker; cashier; and, food preparation worker. In his opinion, the ALJ concluded that plaintiff could not perform constant, repetitive hand motions; perform strength movements such as unscrewing tops or assembly work; or, twist and bend the hand, and then misstated the VE's testimony, indicating that the VE had testified that a hypothetical plaintiff with these limitations could still perform the positions of food preparation worker and laundry/dry cleaner. We note, however, that on cross-examination, the VE testified that if plaintiff were unable to perform any type of repetitive work with his hands, such a restriction would eliminate all of the aforementioned positions. (Tr. 380, 382). After reviewing the descriptions contained in the *Dictionary of Occupational Titles*, we note that the positions of food preparation worker and laundry/dry cleaner require frequent to constant handling and fingering. *See* DICTIONARY OF OCCUPATIONAL TITLES §§ 302.685-010, 317.687-010, 361.684-014, 362.382-014, 589.685-010 (4th ed. Revised 1991), *available at* www.westlaw.com.

Therefore, because the hypothetical question posed to the VE was based on an incorrect RFC,

5

the expert's response cannot constitute substantial evidence to support a conclusion that plaintiff is not disabled. *See Grissom v. Barnhart*, 416 F.3d at 837; *Cox v. Apfel*, 160 F.3d 1203, 1207 (8th Cir. 1998). Accordingly, we believe that the case should be remanded to allow the ALJ to rephrase his hypothetical question to include plaintiff's limitations regarding constant, repetitive hand motions; strength movements such as unscrewing tops or assembly work; and, actions requiring plaintiff to twist and bend the hand.

Also of concern is the ALJ's failure to fully develop the record concerning plaintiff's physical impairment. An ALJ has a duty to develop the record fully. *See Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001). However, "[t]here is no bright line test for determining when the [Commissioner] has ... failed to develop the record. The determination in each case must be made on a case by case basis." *Gregg v. Barnhart*, 354 F.3d 710, 712 (8th Cir. 2003).

In the present case, plaintiff was diagnosed with bilateral carpal tunnel syndrome, and had undergone three carpal tunnel release procedures. (Tr. 215, 305). However, in spite of the surgery, plaintiff continued to experience pain, numbness, and tingling in both hands. (Tr. 209-211, 213, 248, 264-268, 326, 330, 338). On November 12, 2003, plaintiff was examined by Dr. Harold Chakales, a reconstructive orthopaedic surgeon. (Tr. 338-339). Plaintiff indicated that he had not worked since 1994, because he could not use his hands. He stated that his hands and left elbow hurt all of the time. X-rays of plaintiff's left wrist were highly suggestive of a healed fracture or possible nonunion of the carpal navicular. There was a line and some radiographic changes noted, as well. Dr. Chakales indicated that the x-rays of plaintiff's right wrist were also abnormal, but not as significant as on the

6

left. (Tr. 338).

On physical examination, Dr. Chakales noted a satisfactory range of motion in the neck and shoulders, with some pain in the shoulders. (Tr. 338). Plaintiff did complain of pain in the mid-cubital area, but he had a normal range of motion in both wrists. On examination of the hands, Dr. Chakales reported sensory hypesthesia along the thumb, index, and middle fingers of both hands, with some questionable hypesthesia over the ring and little fingers. (Tr. 338-339). He also noted a 1/2 to 3/4 of an inch atrophy in the left upper arm. (Tr. 339). Plaintiff's grip strength on the right was also decreased at 3/5, with only 1-2/5 on the left. Accordingly, Dr. Chakales diagnosed plaintiff with status post carpal tunnel release with evidence of possible ulnar involvement and median nerve neuropathy, possible nonunion of the carpal navicular fracture on the left, and left upper extremity atrophy above the elbow. He then recommended that plaintiff undergo a CT scan of his left wrist to see if there was true pathology in the carpus. (Tr. 339).

We note, however, that the record does not contain the results of a CT scan or any evidence to indicate why said scan was not performed. Given the fact that Dr. Chakales suspected ulnar involvement, median nerve neuropathy, and nonunion of the carpal navicular fracture, we believe that the case should be remanded to allow the ALJ to comply with his duty to develop the record further concerning this impairment. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be

remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of March 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)